**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRANCINE GORSKIE, KEVIN P.
CARTWRIGHT, BARBARA KEENAN
and DEBORAH WALDMAN,

    Plaintiffs,

v.                                      Case No: 8:15-cv-1524-T-24TGW

TRANSCEND SERVICES, INC.,

    Defendant.

_____

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Claims of Plaintiff Deborah Waldman and memorandum in support (Dkts. 18, 19), Plaintiff Deborah Waldman's response (Dkt. 25), Defendant's Statement of Additional Legal and Factual Material in Support of its Converted Motion to Dismiss (Dkt. 33), and Plaintiff Waldman's Additional Legal Support in Opposition to Defendant's Construed Motion for Summary Judgment (Dkt. 34). The Court, having reviewed the motion, response, additional legal and factual materials, and being otherwise advised, has determined that the converted motion for summary judgment should be granted.

**I.    BACKGROUND**

Plaintiff Deborah Waldman is a former employee of Defendant Transcend Services, Inc. ("Transcend"). On May 11, 2012, Waldman and twelve other named-plaintiffs filed a putative collective action against Transcend in the United States District Court for the Northern District of Illinois alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[1]  Judge Guzman granted the plaintiffs' motion for conditional certification

---

[1] Waldman was a named-plaintiff in *Consentino v. Transcend Servs., Inc.*, N.D. Ill. Case No. 1:12-cv-03627 (the

on March 19, 2013. Transcend subsequently filed a motion for decertification, which Judge Guzman granted on September 25, 2014. On November 21, 2014, Transcend moved for a finding of misjoinder and severance with regard to twelve of the named-plaintiffs, including Waldman. Judge Guzman granted Transcend's motion to sever. Pursuant to Judge Guzman's order, Waldman's individual case was refiled and assigned to the Honorable Harry D. Leinenweber in the Northern District of Illinois and given a new case number.[2] Transcend filed a Rule 12(b)(6) motion to dismiss Waldman's Complaint on March 11, 2015. On March 12, 2015, Waldman moved to voluntarily dismiss her individual case without prejudice. Judge Leinenweber granted Waldman's motion to dismiss without prejudice on March 17, 2015.

Waldman filed the instant action in this Court on June 26, 2015. The Complaint alleges that Transcend willfully violated the FLSA's overtime pay provisions. Transcend moved to dismiss Waldman's claims as time-barred under the relevant limitations period, 29 U.S.C. §225(a). Waldman filed a response in opposition. On October 22, 2015, the Court converted Transcend's motion to dismiss to a motion for summary judgment and directed the parties to submit additional legal or factual material in support of and in opposition to the construed motion for summary judgment. Transcend and Waldman filed additional legal and factual materials on November 2, 2015, and November 12, 2015, respectively.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-

---

"Illinois Collective Action"), before the Honorable Ronald A. Guzman.

[2] *Waldman v. Transcend Servs., Inc.*, N.D. Ill. Case No. 1:15-cv-01658.

movant and resolve all reasonable doubts in that party's favor. *See Porter v. Ray,* 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *See id.* (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* (citation omitted).

### III.   DISCUSSION

Transcend argues the Complaint is time-barred under the relevant limitations periods for both willful and non-wilful violations of the FLSA[3, 4] and that Waldman's voluntary dismissal of her case before Judge Leinenweber forfeited any tolling of the relevant limitations period in connection with the Illinois Collective Action.[5] Transcend submits that after severance of Waldman's case from the Illinois Collective Action, Waldman could have moved to transfer her claim to this Court, which would have continued the tolling of the statute of limitations on her FLSA claim. Transcend also cites the Supreme Court's decision in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) to support its proposition that a court that lacks personal jurisdiction may nevertheless consider a motion to transfer under 28 U.S.C. § 1406. Additionally, Transcend argues that it waived its defenses based on lack of personal jurisdiction in the Northern District of Illinois when it moved to dismiss Waldman's previous complaint in the Northern District of Illinois on

---

[3] Pursuant to 29 U.S.C. §225(a), to enforce any cause of action for unpaid overtime compensation under the FLSA, an action must be commenced within two years after the cause of action accrued, or within three years for willful violations.

[4] Transcend argues and Waldman concedes that Waldman stopped working at Transcend in April 2012.

[5] Transcend also attaches Judge Guzman's order granting severance in the Illinois Collective Action to support its argument that Waldman's voluntary dismissal of her claim forfeited any tolling benefits from the Illinois Collective Action.

March 11, 2015. Thus, Transcend argues that Waldman was not "forced" to voluntarily dismiss her complaint because of a lack of personal jurisdiction. Because Waldman had control over the venue in which her claims were litigated, and because she waited over three months to refile her complaint in this Court, Transcend argues that equitable tolling is inappropriate.

In response, Waldman argues she is entitled to equitable tolling due to extraordinary circumstances beyond her control related to the procedural history of the Illinois Collective Action and the subsequent severance of her claim. Specifically, Waldman asserts that Judge Guzman's severance of her claim from the Illinois Collective Action and reassignment of her case to a court that could not exercise personal jurisdiction over the case was beyond her control. Waldman argues that Transcend's reliance on *Goldlawr, Inc.* is misplaced, arguing that district courts routinely dismiss complaints for lack of personal jurisdiction without prejudice to be refiled in the appropriate jurisdiction. Waldman also argues that her diligence in pursing her claim against Transcend as well as the avoidance of injustice and inequity support equitable tolling in this case.

In the Eleventh Circuit, while the filing of a complaint will initially toll the running of the statute of limitations, the subsequent voluntary dismissal of an action has the effect of placing the parties in a position as if the suit had never been filed. *See Dade Co. v. Rohr Indus.,* 826 F.2d 983, 989 (11th Cir. 1987). The doctrine of equitable tolling permits a plaintiff to maintain an action that was filed after the statutory time period has expired where the untimely filing was due to inequitable circumstances. *See Ellis v. General Motors Acceptance Corp.,* 160 F.3d 703, 706 (11th Cir. 1998). However, equitable tolling is an extraordinary remedy that should be "applied sparingly" by the courts. *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). "[E]quitable tolling of the limitations period is warranted 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Downs v.*

*McNeil,* 520 F.3d 1311, 1319 (11th Cir. 2008) (quotation omitted). The principles of equitable tolling require a claimant to justify her untimely filing by a showing of extraordinary circumstances. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *see also Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 661 (11th Cir.1993) (holding that the burden rests with a plaintiff to show that equitable tolling is warranted).

The Eleventh Circuit has held that equitable tolling is appropriate where the defendant misleads the plaintiff into allowing the statute of limitations to lapse, where the plaintiff has no reasonable way of discovering the wrong perpetrated against him during the statutory period, or where the plaintiff timely files a technically defective pleading but acts with proper diligence in prosecuting his claim. *Justice v. U.S.,* 6 F.3d 1474, 1479 (11th Cir.1993).

In the instant case, Waldman concedes that she ceased working for Transcend in April 2012. Because the complaint was filed on June 26, 2015, it is time-barred under the relevant limitations period, 29 U.S.C. §225(a), for both willful and non-willful violations of the FLSA. Although Waldman's participation in the Illinois Collective Action temporarily tolled the limitations period, her subsequent voluntary dismissal on March 12, 2015 had the effect of placing Waldman in a position as if the suit had never been filed. *See Dade Co.,* 826 F.2d at 989. Therefore, Waldman's claims in the instant action may only withstand Transcend's converted motion for summary judgment if Waldman can show she is entitled to equitable tolling.

Waldman's arguments for equitable tolling, however, are unavailing. First, Waldman's argument that she was "forced" to voluntarily dismiss her individual case when it was reassigned to Judge Leinenweber in the Northern District of Illinois, is without merit and does not warrant equitable tolling. The Eleventh Circuit has held that a court lacking personal jurisdiction of the defendant may transfer a case pursuant to 28 U.S.C. § 1406(a). *See Roofing & Sheet Metal*

*Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 992 n. 16 (11th Cir.1982). As Waldman had the procedural alternative of moving for transfer pursuant to 28 U.S.C. § 1406(a), her decision to voluntarily dismiss her case in the Northern District of Illinois was not unavoidable or beyond her control. *See Downs,* 520 F.3d at 1319. Moreover, Transcend waived any objection to personal jurisdiction in the Northern District of Illinois when it did not raise such an objection in its March 11, 2015 motion to dismiss. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1364 (11th Cir. 2006) (holding that "a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading."). Thus, voluntary dismissal was not necessary in order for Waldman to pursue her claims.

Finally, Waldman has not shown that she exercised diligence in pursuing her claims against Transcend in the Middle District of Florida. Waldman filed the instant case on June 26, 2015, more than three months after her case was voluntarily dismissed in the Northern District of Illinois. Waldman's delay in filing the instant action does not support a showing of diligence. Therefore, Waldman has failed to meet her burden of showing that equitable tolling is warranted and summary judgment is appropriate.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's construed motion for summary judgment (Dkt. 18, 19) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of December, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties

6